# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **THURMAN HARVEY HINES,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No. CIV-19-529-R |
| ) | |
| **JOE ALLBAUGH, et. al.,** ) | |
| ) | |
| **Defendants.** ) | |

## REPORT AND RECOMMENDATION

Thurman Harvey Hines (Plaintiff), a prisoner in the custody of the Oklahoma Department of Corrections (DOC) and currently housed at the Oklahoma State Penitentiary (OSP) in McAlester, Oklahoma, brings this action under 42 U.S.C. § 1983 alleging violations of his federal constitutional rights while housed at the Davis Correctional Facility (DCF) in Holdenville, Oklahoma. *See* Docs. 1, 4.[1] He appears pro se.[2]

Plaintiff names the following Defendants, each in their individual and official capacities: DOC Director Joe Allbaugh; DCF Warden James Yates; DCF Unit Manager Ernesto Martinez, DCF Assistant Warden Mark Gentry,

---

[1]     Citations to a court document are to its electronic case filing designation and pagination. Quotations are verbatim unless indicated.

[2]     The court construes Plaintiff's pro se filings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

DCF Deputy Warden FNU A. Perez, DCF Grievance/Misconduct Coordinator Terry Underwood, DCF Law Library Supervisor Willa Burney, DCF Sergeant Glenn Robinson, DCF Disciplinary Coordinator Key Key, DCF Correctional Officer FNU Braggs, DCF Chief of Security Keith Brown, DCF Correctional Counselor Brandi Sines, DCF Correctional Counselor FNU D. Berry, DCF Senior Correctional Officer FNU Peltier, DCF Correctional Officer FNU A. Proctor, DCF Correctional Officer FNU Epperlley, DCF Correctional Officer FNU Earnest, and DCF Case Manager FNU Bailey. Doc. 1, at 4, 10-13.[3]

United States District Judge David L. Russell has referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). *See* Doc. 5. Following mandatory screening of Plaintiff's complaint, the undersigned recommends the transfer of this action to the United States District Court for the Eastern District of Oklahoma.

## I.     Plaintiff's claims.

Plaintiff generally maintains the various above-named defendants violated his First, Eighth, and Fourteenth Amendment rights when they failed to protect him from force and violence, retaliated against him for complaining of dangerous and unsanitary conditions, conspired to violate his constitutional

---

[3]     Embedded within his claims Plaintiff also names as Defendants "Knutson," "Crowe," and "Gibson." Doc. 1, at 14-15, 17.

rights, reclassified him and transferred him in retaliation, failed to adequately train staff, and intentionally and negligently inflicted emotional distress upon him. *See* Doc. 1, at 6-7, 13-17.

## II. Screening.

Federal law requires the court to screen complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must dismiss any frivolous or malicious claim, any claim asking for monetary relief from a defendant who is immune from such relief, or any claim on which the court cannot grant relief. *Id.* § 1915A(b).

One aspect of screening is reviewing whether venue is proper "when the defense is obvious from the face of the complaint and no further factual record is required to be developed." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (citation omitted). Moreover, "the court acting on its own motion, may raise the issue of whether a change of venue would be in the interest of justice." *Love's Travel Stops & Country Stores, Inc. v. Oakview Constr., Inc.*, No. CIV-10-235-D, 2010 WL 4811450, at *6 (W.D. Okla. Nov. 19, 2010).

## III. Analysis.

"[T]he term 'venue' refers to the geographic specification of the proper court or courts for the litigation of a civil action . . . ." 28 U.S.C. § 1390(a). The

3

proper venue for Plaintiff's action is in the "judicial district in which any defendant resides" or the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." *Id.* § 1391(b)(1), (2).

### A.  Venue is proper in the Western District of Oklahoma.

Here, Plaintiff identifies Defendant Allbaugh as residing or being employed in "OKC, Oklahoma." Doc. 1, at 4. He also identifies Defendant Allbaugh as the "Director of the (ODOC) Oklahoma Department of Corrections." *Id.* "Venue for actions filed by any prisoner of any state prison . . . in which . . . the [DOC] . . . or any officer or employee that has multicounty responsibilities is named as a party shall be in the county of the official residence of the [DOC]." Okla. Stat. tit. 57, § 566.4(G)(1). And, Oklahoma County is "the county of the official residence of the Department of Corrections . . . ." *State ex rel. Dep't of Corr. v. Brock*, 513 P.2d 1293, 1295 (Okla. 1973).

"Oklahoma is divided into three judicial districts . . . known as the Northern, Eastern, and Western Districts of Oklahoma." 28 U.S.C. § 116. Oklahoma County is in the Western District. *See id.* § 116(c). So, venue is proper in this court. *See id.* § 1391(b)(1).

### B.  Venue is also proper in the Eastern District of Oklahoma.

Venue also lies in the Eastern District of Oklahoma. DCF is located in Holdenville, Oklahoma, *see* Doc. 1, at 4, and Plaintiff states all remaining

4

defendants are employed at DCF in Holdenville, Oklahoma. *Id.* at 4, 10-13. Likewise, "[a] substantial part of the events or omissions giving rise to [Plaintiff's] claim[s] occurred" at DCF. 28 U.S.C. § 1391(b)(2).

Holdenville, Oklahoma is in Hughes County, Oklahoma,[4] and Hughes County is in the Eastern District of Oklahoma. *See id.* § 116(b). So, venue is also proper in that court. *See id.* § 1391(b)(2).

### C. Transfer to the Eastern District of Oklahoma is in the interest of justice.

Although Plaintiff elected to file his action in the Western District of Oklahoma, Plaintiff[5] and all but one of the numerous Defendants are located in the Eastern District of Oklahoma, as is DCF. Documents and witnesses are necessarily more accessible there. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought . . . ." *Id.* § 1404(a). The connection to Plaintiff's action is decidedly greater in the Eastern

---

[4]     The undersigned judicially notices the location of Holdenville. *See* Fed. R. Evid. 201(b); *see also United States v. Piggie*, 622 F.2d 486, 488 (10th Cir. 1980) ("Geography has long been peculiarly susceptible to judicial notice for the obvious reason that geographic locations are facts which are not generally controversial . . . .").

[5]     Plaintiff is now being housed at the OSP in McAlester, Oklahoma. Doc. 1, at 4. OSP is located in Pittsburg County, Oklahoma, which is also located in the Eastern District of Oklahoma. *See id.* § 116(b).

District of Oklahoma. And, as venue is proper in that district, Plaintiff's action "might have been brought" there. *Id.* The transfer of this action to the Eastern District of Oklahoma is "in the interest of justice." *Id.*

### IV.   Recommendation and notice of right to object.

The undersigned recommends the transfer of this action under 28 U.S.C. § 1404(a) to the United States District Court for the Eastern District of Oklahoma.

The undersigned advises Plaintiff of his right to file an objection to this Report and Recommendation with the Clerk of Court on or before **July 3, 2019**, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Plaintiff that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 12th day of June, 2019.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

6