# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| THURMAN HARVEY HINES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV 19-215-JHP-SPS |
| | ) | |
| JOE ALLBAUGH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Plaintiff, a pro se state prisoner incarcerated at Oklahoma State Penitentiary in McAlester, Oklahoma, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. 1). He is seeking relief for alleged constitutional violations at Davis Correctional Facility (DCF), a private prison in Holdenville, Oklahoma. The defendants are Joe Allbaugh, Oklahoma Department of Corrections Director; James Yates, DCF Warden; Ernesto Martinez, DCF Unit Manager; Mark Gentry, DCF Assistant Warden; A. Perez, DCF Deputy Warden; Terry Underwood, DCF Grievance/Misconduct Coordinator; Willa Burney, DCF Law Library Supervisor; Glenn Robinson, DCF Sergeant/Hearing Officer; Key Key, DCF Disciplinary Coordinator; FNU Braggs, DCF Correctional Officer; Keith Brown, DCF Chief of Security; Brandi Sipes, DCF Correctional Counselor; D. Berry, Correctional Counselor; FNU Peltier, DCF Correctional Officer; A. Proctor, DCF Correctional Officer; FNU Epperlley, DCF Correctional Officer; FNU Earnest, DCF Correctional Officer; FNU Bailey, DCF Case Manager; FNU Crowe, FNU Gibson, and FNU Knutson. After review of the complaint, the Court finds Plaintiff must file an amended civil rights complaint on the Court's form, as set forth below.

**Screening/Dismissal Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28

U.S.C. § 1915A(a). The Court must identify any cognizable claims and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).

The pleading standard for all civil actions was articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Id*. at 555-56. "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," the cause of action should be dismissed. *Id*. at 558. The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

A pro se plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction to be given to the pro se litigant's allegations, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." *Id*. A reviewing court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion

2

to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotations and citations omitted). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**Amended Complaint**

Within twenty-one (21) days of the entry of this Order, Plaintiff must file an amended complaint on the Court's form. **The amended complaint must set forth the full name of each person he is suing under 42 U.S.C. § 1983.** *See Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1237 (10th Cir. 1999) (holding that "a cause of action under § 1983 requires a deprivation of a civil right by a 'person' acting under color of state law"). **Further, the names in the caption of the amended complaint must be identical to those contained in the body of the amended complaint, pursuant to Fed. R. Civ. P. 10(a).** Plaintiff is responsible for providing sufficient information for service of process. *See Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (plaintiff proceeding *in forma pauperis* and pro se had responsibility to provide correct names and proper addresses for service of process).

Plaintiff's complaint includes references to his "declarations" which are in a separate document (Dkt. 4). This is not a proper format for a prisoner's civil rights complaint in this Court. **Instead, Plaintiff must provide on the amended complaint form a short and plain statement of when and how each named defendant violated his constitutional rights and showing Plaintiff is entitled to relief from each named defendant.** *See* Fed. R. Civ. P. 8(a). He also shall identify a specific constitutional basis for each claim. *See id*. He is admonished that simply alleging that a defendant is an employee or supervisor of a state agency is inadequate to state a claim. Plaintiff must go further and state how the named defendant's personal participation violated his constitutional rights. Furthermore, the Court

3

will only consider claims "based upon the violation of a plaintiff's personal rights, and not the rights of someone else." *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990).

The amended complaint must include all claims and supporting material to be considered by the Court. **It must be complete in itself, including exhibits, and may not reference or attempt to incorporate material from the original complaint or other documents.** *See* Local Civil Rule 9.2(c). An amended complaint supersedes the original complaint and renders the original complaint of no legal effect. *See Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991); *Gilles v. United States*, 906 F.2d 1386, 1389 (10th Cir. 1990). *See also* Local Civil Rule 9.2(c). Pursuant to Local Civil Rule 5.2(a), the amended complaint must be clearly legible, and only one side of the paper may be used.

The Court Clerk is directed to send Plaintiff the proper form for filing an amended complaint. If Plaintiff fails to file an amended complaint in accordance with this Order, this action shall be dismissed for failure to state a claim upon which relief may be granted.

**ACCORDINGLY,** Plaintiff is directed to file within twenty-one (21) days an amended complaint on the Court's form as directed in this Order. The Court Clerk is directed to send Plaintiff a copy of the form for filing an amended civil rights complaint in this Court. Failure to comply with this Order will result in dismissal of this action without further notice.

**IT IS SO ORDERED** this 26th day of July 2019.

James H. Payne
United States District Judge
Eastern District of Oklahoma